

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## PD-0309-12

**STELLA MARIE DEBLANC, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## JEFFERSON COUNTY

*Per curiam.*

## O P I N I O N

Appellant was charged in the instant case, cause number 10-08289, with burglary of a habitation. She was also charged with burglary of a habitation in cause number 10-08203. Pursuant to a plea bargain, she pled guilty to both, guilt was deferred, and she was placed on community supervision for five years. The State later filed a motion to revoke in each case. At the revocation hearing, the court separately addressed each cause number, and separately adjudicated guilt and announced sentence. According to the court

reporter's record, in each case, the court announced a sentence of twenty years' confinement. After announcing the sentence in the second case, the court stated that the sentences would run consecutively. However, the signed judgment in the instant case states that the term of confinement is twelve years.

On appeal, appellant claimed the trial court erred by ordering that the sentences run consecutively. The court of appeals held that because the two cases were not prosecuted in a single criminal action, the trial court did not err by ordering the sentences to run consecutively. *DeBlanc v. State*, Nos. 09-11-00299-CR, 09-11-00300-CR slip op. at 4 (Tex. App.–Beaumont Feb. 8, 2012)(designated do not publish). The court then *sua sponte* noted the variance between the oral pronouncement of twenty years and the written judgment of twelve years in the instant case. Following case law which holds that the oral pronouncement controls in cases of conflict with the written judgment, the court of appeals reformed the written judgment to delete "TWELVE (12)" and substitute "TWENTY (20)" years of confinement. *Id.* at 4-5.

Appellant has filed a petition for discretionary review in which she disputes the accuracy of the reporter's record concerning the trial court's oral pronouncement of the sentence. She claims she was deprived of due process of law by the court of appeals's *sua sponte* reformation. Appellant essentially claims the sentence she heard pronounced in the courtroom was twelve years, yet she is now required to serve a twenty year sentence. She is entitled to an opportunity to be heard on this claim. *Cf. Ex parte Madding*, 70 S.W.3d

131, 136-37 (Tex. Crim. App. 2002).

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to take appropriate action pursuant to Texas Rule of Appellate Procedure 34.6(e)(3).

DELIVERED: April 25, 2012
DO NOT PUBLISH